IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| TRANSAMERICA INVESTMENT GROUP, INC. dba SKY CARGO SOLUTIONS, INC.<br><br>    Plaintiff,<br><br>v.<br><br>TRAVIS M. HAMILTON,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:12-cv-01102 |

PLAINTIFF'S SUR REPLY TO DEFENDANTS' RESPONSE AND BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

TransAmerica Investment Group, Inc. dba Sky Cargo Solutions, Inc. ("Plaintiff") files the following Sur-Reply to the Defendants' Response and Brief in Opposition to Plaintiff's Motion for Summary Judgment.

While Defendants' response, on the one hand, does its best to obfuscate a relatively simple transaction, on the other hand it does clarify and explain certain issues.

CLARIFICATIONS

1.  <u>Why Defendants sought Plaintiff's Services</u>. In the Affidavit of Travis M. Hamilton it is made clear that:

    (a)    Defendants had the opportunity to be principals in a transaction to purchase aircraft (¶3).

    (b)    That Defendants were unable to find financing for their purchase of such

1

aircraft. Defendants admittedly failed in their efforts at convincing Siemens, Amentum Capital and Macquarie to finance this transaction (¶5).

(c) That Defendants turned to Plaintiff to do what Defendants could not—find a lender for this proposed transaction (¶3 and 4).

2. <u>What Service was Plaintiff to Provide</u>. The Affidavit of Travis M. Hamilton makes it clear that Plaintiff was to find a lender who would provide the financing on terms acceptable to the Borrower. (¶5). It was never considered that Plaintiff would actually negotiate with the lender on behalf of Defendants.

(d) That Plaintiff solicited PNC as a potential lender (¶6).

3. <u>That PNC funded the purchase of the aircraft</u>. In the Affidavit of David G. Mayer, paragraph 5, it is made clear that PNC provided the funds that were used to purchase the aircraft in question.

4. <u>Why Defendants Modified the Original Agreement</u>. In the amended agreement, Plaintiff's commission was changed from a percentage of the procured funding to a fixed amount per aircraft to be paid as the aircraft were sold. In the Affidavit of David G. Mayer, paragraphs 7, 8, 9 and 10, it is apparent that the transaction originally contemplated had to be modified for a variety of reasons; nonetheless, the transaction with PNC did close. In the affidavit of Travis M. Hamilton, paragraph 12, it is alleged that Defendants made no money on the acquisition portion of the aircraft and that any funds received by Defendants would have been realized when the financed aircraft were ultimately sold and funds would be available to pay Plaintiff.

## OBFUSCATION

5. <u>That Plaintiff Rejected the Modified Agreement</u>. Defendants attached a

September 14, 2009 email from Plaintiff that Defendants contend constituted a rejection of the modified agreement in Defendants' July 17, 2009 email to Plaintiff. This is an email that clearly was written by Plaintiff at a time that Mr. Berry was traveling and did not have access to his file on this transaction. This is an email from Plaintiff congratulating Defendants on the closing of the transaction with PNC coupled with an inquiry as to the specifics of the parties' agreement.

6. <u>That the modified agreement required Plaintiff to find buyers for the aircraft</u>. The July 17, 2009 email clearly imposes no obligation upon Plaintiff to find buyers for the aircraft. In fact, Defendants have produced no document that would condition Plaintiff's commission upon its finding a buyer.

7. <u>That Plaintiff was required to negotiate the financing agreement with PNC in order to get a commission</u>. Despite Defendants contentions in this regard, the Affidavit of Travis M. Hamilton makes it clear that Plaintiff's obligation was to find a lender who would provide the financing on terms acceptable to the Borrower (¶5). The Defendants could not find anyone who would finance this transaction; the Plaintiff did.

8. <u>That the Motion for Summary Judgment was not timely filed</u>. On February 26, 2013, ancillary to a hearing before this Court, the parties came to an agreement regarding Defendants' production of documents. Given the stipulations of the Defendants, Plaintiff agreed that Defendants only need to produce documents relative to a new allegation--that Plaintiff was to have found a buyer for the aircraft in question. On March 12, Plaintiff first inquired about the status of any such production. By response dated March 20, Defendants promised production "this week". It was not until April 23, that Defendants finally advised Plaintiff there were no responsive documents. Plaintiff promptly thereafter filed its motion

for summary judgment. Moreover, there has been no evidence or allegation that Defendants have been prejudiced by the timing of this filing.

9. For these reasons, Plaintiff asks the Court to grant its motion for final summary in Plaintiff's favor.

>Respectfully submitted,
>
>/s/ William W. Rucker
>_____
>
>William W. Rucker
>Attorney-in-Charge
>SDT No. 3669
>Texas Bar No. 17366500
>3355 West Alabama, Suite 825
>Houston, Texas 77098
>Telephone (713) 528-2800
>Telecopier (713) 528-5011
>Attorney for Plaintiff
>TransAmerica Investment Group, Inc.
>Dba SkyCargo Solutions, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2013 a true and correct copy of the foregoing Motion Summary Judgment was served by email to counsel for Defendants.

Derek D. Rollins                                          By email drollins@shacklaw.net
Shackelford, Melton & McKinley, LLP
Partner - Litigation
3333 Lee Parkway
Tenth Floor
Dallas, Texas 75219

>/William W. Rucker/
>_____
>William W. Rucker