IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| TRANSAMERICA INVESTMENT GROUP, INC. dba SKY CARGO SOLUTIONS, INC.<br><br>Plaintiff,<br><br>v.<br><br>TRAVIS M. HAMILTON,<br><br>Defendant. | § § § § § § § § § § § | CIVIL ACTION NO. 4:12-cv-01102 |

**AFFIDAVIT OF WILLIAM W. RUCKER**
**IN SUPPORT OF PLAINTIFF'S ATTORNEY FEES**

State of Texas §
County of Harris §

**BACKGROUND**

1. My name is William W. Rucker. I am competent to make this Affidavit. I am the attorney of record for TransAmerica Investment Group, Inc., dba Sky Cargo Solutions, Inc., the Plaintiff in this action ("SkyCargo"). All the facts and information contained in this Affidavit are within my personal knowledge and are true and correct.

2. I am an attorney in Houston, Harris County, Texas. I graduated from Baylor University Law School in April 1972 and have practiced law in Houston, Texas since that date. My practice involves both commercial business litigation and transactional matters. I have been fortunate to have clients who are involved in sophisticated business transactions both domestically and throughout most of the world. I have been involved as a "first chair" attorney in

1

over a hundred jury trials. I have also been involved as a "second chair" in numerous lawsuits throughout the United States, Europe and South America. I have also participated as a first chair attorney in a large number of non-jury trials and arbitrations. I have previously been involved in suits similar to this lawsuit and I am familiar with the fees and expenses charged in this type of litigation by attorneys with my experience in Harris County, Texas.

3. The reasonably and necessary attorneys' fees and expenses sought in this matter total Seventy Two Thousand Three Hundred Forty and no/100 Dollars ($72,340.00).

## LEGAL SERVICES

4. I was hired by SkyCargo in January, 2012 to represent it in the above referenced litigation. I did represent SkyCargo in this suit from that date to the date hereof.

5. I had previously performed legal services for SkyCargo on other legal matters and I have known John Berry, the owner of SkyCargo, for over ten years. While I previously charged SkyCargo an hourly rate for my legal services, it was necessary that we enter into a contingent fee agreement relative to this suit. As agreed, I am to receive a contingent fee of Forty Percent (40%) of SkyCargo's recovery from the Defendants in this suit. I am also to receive reimbursement for all expenses, as I advanced all expenses relative to this suit.

## LODESTAR CALCULATIONS

6. My hourly rate for work on matters of this type is Three Hundred Twenty Five and no/100 Dollars ($325.00). As will be shown below, at an hourly rate of $325.00 per hour for total hours of 214, expenses of $2,790, the lodestar calculation for my work on this matter is Seventy Two Thousand Three Hundred Forty and no/100 Dollars ($72,340.00). A summary of my services rendered is set forth below. These time records were based upon notes taken by me

contemporaneously with the time the services were performed. These records were prepared and kept in the normal course of business operations.

7. As stated above, I have represented SkyCargo on other matters. However, the fees and expenses for which recovery is sought hereunder does not include any legal services or expenses except those relating directly to this lawsuit.

8. As I was representing SkyCargo on a contingent fee basis, I did not prepare or submit monthly invoices to SkyCargo for my legal services. Rather, I kept track of my hours attributable to the following categories: (a) pre-suit investigation and research; (b) pleadings and jurisdictional motions; (c) pre-trial/discovery; (d) preparation of dispositive motions; and (e) trial preparation and the trial of this suit.

9. My pre-suit time was Thirty Two (32) hours. The majority of this work involved reviewing emails and other correspondence between the parties between May 1, 2009 and July 2010—there were an extremely large number of communiques between the parties during this time period that pertained both to this suit and to other, unrelated matters. In many instances, the same communique would address both matters pertaining to this lawsuit and to other unrelated matters and it was necessary to locate relevant documents and "cull" the unrelated documents. The balance of my time was spent on locating the Defendants and researching possible remedies on behalf of my client.

10. Forty Three (43) hours were spent on the preparation of pleadings, reviewing and responding to Defendants petition for removal and Defendants' subsequent motion to dismiss.

11. Sixty One (61) hours were spent on pre-trial and discovery related matters, including the preparation for and taking of the oral depositions of the parties as well as two court appearances.

12. Thirty Seven (37) hours were spent on the preparation of SkyCargo's Motion for Summary Judgment and supporting affidavits, reviewing the Defendants' response, and the preparation of the Sur-Reply to the Defendants' response.

13. Thirty Three (33) hours were spent on preparing for trial and Eight (8) hours on the actual trial itself.

14. There were also expenses in the amount of Two Thousand Seven Hundred Ninety and no/100 Dollars ($2,790.00). These fees consisted of filing fees, court reporter fees and copying costs. No recovery is sought for administration expenses.

15. Ultimately, SkyCargo prevailed on its claim against Defendants.

16. This application and affidavit for fees and expenses is based on the services I rendered in the reasonable and necessary representation of SkyCargo in this matter.

17. In determining the hourly rate, I referenced my regular rate, as well as the factors found in Texas Rule of Professional Conduct 1.04; specifically,

    a. the time and labor required;

    b. the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

    c. the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

    d. the fee customarily charged in the locality for similar legal services;

    e. the amount involved and the results obtained;

    f. the time limitations imposed by the client or by the circumstances;

    g. the nature and length of the professional relationship with the client;

h.  the experience, reputation, and ability of the lawyer or lawyers performing the services.

18.  Based on my knowledge and experience, the time expended and rate charged is in line with comparably skilled and experienced practitioners in Harris County working on similar cases and was necessary to achieve the desired results.

## ENHANCEMENT OF FEES

**19.**  Texas and federal law permit an enhancement of fees above and beyond the lodestar amount when the hourly rate does not take certain factors into account. Predicated upon the actual recovery of Plaintiff, no further enhancement of my fees is sought.

## CONCLUSION

20.  The fees and expenses sought in this matter total Seventy Two Thousand Three Hundred Forty and no/100 Dollars ($72,340.00). It is my professional opinion that the time spent on services was reasonably required and necessary to fully protect the client's interests in this matter and were necessary to the successful completion of this litigation. Furthermore, the fees and expenses are in line with and reasonable when compared to similarly experienced attorneys practicing in Harris County, Texas.

William W. Rucker

SUBSCRIBED AND SWORN TO before me on this 3 day of September, 2013 by William W. Rucker, attorney for TransAmerica Investment Group, Inc., dba Sky Cargo Solutions, Inc.

[Notary seal: MELODY JUNE GOODWIN, MY COMMISSION EXPIRES December 15, 2013]

_____
Notary Public for the State of Texas