**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| TRANSAMERICA INVESTMENT GROUP, | § | |
| INC., d/b/a Sky Cargo Solutions, Inc., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-1102 |
| | § | |
| TRAVIS M. HAMILTON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

**I.      Background**

    This order addresses William W. Rucker's application for attorney's fees.  On February 3, 2012, the plaintiff, TransAmerica Investment Group, Inc., d/b/a Sky Cargo Solutions, Inc., sued the defendant, Travis Hamilton, in state court.  Hamilton timely removed and moved to dismiss the complaint for lack of personal jurisdiction. (Docket Entry Nos. 1, 3).  The court denied that motion on May 29, 2012. (Docket Entry No. 11).  Almost a year later, on May 6, 2013, the plaintiff moved for summary judgment.  (Docket Entry No. 29).  On June 28, 2013, the court denied that motion from the bench and set a date for the bench trial.  (Docket Entry No. 33).  The court held a bench trial on August 7, 2013, (Docket Entry No. 41), and issued its Memorandum and Opinion entering Findings of Fact and Conclusions of Law on August 27, 2013, (Docket Entry No. 42).  The court concluded that the plaintiff was entitled to recover $60,000 and allowed the plaintiff to submit an affidavit to support its request for attorney's fees under Federal Rule of Civil Procedure 54.  (*Id.*).  The plaintiff submitted a motion seeking $72,340.00 in fees and expenses, with an affidavit.  The defendant has objected to that amount, and the plaintiff has replied.

After considering the fee application, the objections, the response, the related submissions, and the relevant law, the court concludes that the record supporting the requested fees is insufficient to permit the award the plaintiff seeks.  The reasons are explained below.  Counsel for the plaintiff may resubmit a detailed fee application and affidavit, with supporting documentation, in accordance with this order, no later than June 13, 2014.

## II.    Analysis

A court determines a reasonable attorney's fee in two steps.  *Jimenez v. Wood Cnty., Tex.*, 621 F.3d 372, 379 (5th Cir. 2010).  "First the court calculates the 'lodestar' which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work."  *Id.*  "The court should exclude all time that is excessive, duplicative, or inadequately documented."  *Id.* at 379–80 (citing *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993)).  "Once the lodestar amount is calculated, the court can adjust it based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)."  *Id.* at 380.  The Fifth Circuit requires district courts to provide "a reasonably specific explanation for all aspects of a fee determination" so that it can meaningfully review fee awards under an abuse-of-discretion standard.  *Id.* (quotation omitted).  "A court must have  sufficient information to determine whether 'particular hours claimed were reasonably expended on the litigation.'"  *Amlin Corporate Member, Ltd. v. Logistics Grp. Int'l, Inc.*, No. H-09-2695 (LHR), 2011 WL 3271335, at *5 (S.D. Tex. July 28, 2011) (quoting  *La. Power & Light Co. v Kellstrom*, 50 F.3d 319, 325 (5th Cir. 1995)).  "'[T]he documentation must be sufficient for the court to verify that the applicant has met its burden.'"  *Id.* (quoting *Kellstrom*, 50 F.3d at 324).

The attorney's fee submission is inadequate to allow this court to make the required

2

determinations and provide the appellate court the required explanation.  As an initial matter, the affidavit submitted in support of the fee request states that counsel is to receive a "contingent fee of Forty Percent (40%) of SkyCargo's recovery from the Defendants in this suit," an arrangement reached after counsel agreed to abandon an hourly-rate agreement.  The plaintiff was awarded a $60,000 judgment for the contract damages it alleged.  Forty percent of that judgment is $24,000. Counsel now appears to seek, in addition to, or in lieu of (it is unclear), the contingency fee arrangement, $72,340.00 in fees and expenses—$12,000 more than the judgment amount—without adequate explanation or support.

The plaintiff's counsel argues that $72,340.00 is reasonable based on the lodestar calculation of a $325.00 hourly rate times the 214 total hours that he worked on this case.  Counsel provides no support for the $325 hourly rate.  *See Watkins v. Input/Output, Inc.*, 531 F. Supp. 2d 777, 784 (S.D. Tex. 2007) ("The evidence to support a hourly rate entails more than an affidavit of the attorney performing the work but must also address the rates actually billed and paid in similar lawsuits."). More important, counsel provides no support for, or information about, how the 214 hours were spent, necessary to allow this court to determine whether it was a reasonable amount of time for the case.  Counsel does not appear to have submitted billing records showing how the hours were spent with the specificity the law requires for this court to determine what was reasonable.  The hours worked are inadequately documented for the court to determine whether the hours were reasonably necessary for the litigation.  "Litigants take their chances when submitting such fee applications, as they provide little information from which to determine the reasonableness of the hours expended on tasks vaguely referred to as 'pleadings,' 'documents,' or 'correspondences' without stating what was done with greater precision."  *Kellstrom*, 50 F.3d at 327.  The objections to the fee award point

3

out the controlling circuit law with examples and explanations as to the requirements of fee submissions.

Fees are denied on the current record, without prejudice.  Counsel for the plaintiff has until June 13, 2014, to submit an appropriate record for the fee determination.

SIGNED on May 16, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge