**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| TRANSAMERICA INVESTMENT GROUP, | § | |
| INC., d/b/a Sky Cargo Solutions, Inc., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-1102 |
| | § | |
| TRAVIS M. HAMILTON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER
ON ATTORNEY'S FEES**

**I.     Background**

This order addresses William W. Rucker's amended application for attorney's fees. (Docket Entry No. 55). On February 3, 2012, TransAmerica Investment Group, Inc., d/b/a Sky Cargo Solutions, Inc. ("Sky Cargo"), sued Travis Hamilton in state court, seeking payment for Sky Cargo's alleged role in arranging the financing and sale of six aircraft. Sky Cargo asserted claims for breach of contract, quantum meruit, fraud, fraudulent transfer, and unjust enrichment. Hamilton timely removed and moved to dismiss the complaint for lack of personal jurisdiction. (Docket Entry Nos. 1, 3). The court denied that motion on May 29, 2012. (Docket Entry No. 11). Almost a year later, on May 6, 2013, Sky Cargo moved for summary judgment on its contract claim. (Docket Entry No. 29). On June 28, 2013, the court denied that motion and set a trial date. (Docket Entry No. 33).

The court held a bench trial on the breach of contract and quantum meruit claims on August 7, 2013, (Docket Entry No. 41), and issued its Memorandum and Opinion entering Findings of Fact and Conclusions of Law on August 27, 2013, (Docket Entry No. 42). The court concluded that Sky

Cargo was entitled to recover $60,000 on the quantum meruit claim and was not entitled to any recovery on the breach of contract claim or the other claims he had asserted but not pursued. The court allowed Sky Cargo to submit an affidavit to support its request for attorney's fees under Federal Rule of Civil Procedure 54. (*Id.*). Sky Cargo submitted a motion with an affidavit by Rucker seeking $72,340.00 in fees and expenses. The court concluded that the submissions were insufficient to award fees and allowed Sky Cargo to submit additional documents. Sky Cargo then filed a fee application seeking $55,367.81 in fees and $2,790.00 in expenses. (Docket Entry Nos. 55, 56). Hamilton has responded, arguing that the fees sought are inadequately supported and unreasonable.

Based on the motion, the response, the record, and the applicable law, this court finds and concludes that a reasonable fee is $33,693.31 and the expenses are $2,790.00. The reasons are explained below.

## II. Analysis

### A. The Legal Standard for Fee Awards

Both the Fifth Circuit and the Texas courts use the lodestar method for calculating attorney fees. *See McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 284 (5th Cir. 2008); *Fluorine On Call, Ltd. v. Fluorogas Ltd.*, 380 F.3d 849, 867 (5th Cir. 2004); *see also Guity v. C.C.I. Enter., Co.*, 54 S.W.3d 526, 528 (Tex. App. – Houston [1st Dist.] 2001, no pet.) ("In determining the reasonableness of attorney's fees, the fact finder must be guided by a specific standard. This standard is substantially similar under both federal law and state law."). The first step is to determine the reasonable hourly rate for the attorneys and nonlegal personnel who worked on the case. The second step is to determine the number of hours "reasonably expended." *McClain*, 519 F.3d at 284. The court then multiplies the hours "reasonably expended" by the reasonable hourly rate to determine the lodestar

figure. *Id.* The burden of demonstrating the reasonableness of the hourly rates charged and of the number of hours expended falls on the fee applicant. *Id.*

When a plaintiff seeks to recover attorney's fees in a case involving multiple claims, at least one of which supports a fee award and at least one of which does not, the plaintiff must offer evidence segregating the hours worked among the various claims. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310-14 (Tex. 2006); *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 298 (5th Cir. 2007). There is an exception to the duty to segregate when discrete legal services advance both a recoverable and unrecoverable claim that are so intertwined that they cannot be segregated. *Chapa*, 212 S.W.3d at 313–14. The party seeking to invoke this exception has the burden of demonstrating that it applies. *Gallagher Headquarters Ranch Dev., Ltd. v. City of San Antonio,* 269 S.W.3d 628, 642 (Tex. App. – San Antonio 2008, pet. granted, judgm't vacated by agr.) (citing *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 455 (Tex. App. – Houston [1st Dist.] 2007, no pet.)). When such legal services are at issue, the fee applicant should identify the percentage of the time spent that would have been necessary even without the unrecoverable claim. *Chapa*, 212 S.W.3d at 314.

One consideration in determining the hours reasonably expended is whether the party seeking attorney's fees exercised billing judgment. "Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Saizan v. Delta Concrete Products Co.,* 448 F.3d 795, 799. Fee applicants have the burden of showing that they exercised billing judgment, by evidence, to the court of hours that have been written off. *Id.* at 800. "The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of

billing judgment." *Id.* at 799; *see also Walker v. City of Mesquite, Tex.*, 313 F.3d 246, 251 (5th Cir. 2002); *Mullins v. TestAmerica*, No. 3:02-cv-0106, 2008 WL 4526182, at *10 (N.D. Tex. Oct. 8, 2008) (deducting 15% from the fee award because the fee applicant claimed to have exercised billing judgment but did not show how many hours had been written off from the time entries submitted, and because there were other errors and inconsistencies in the time entries); *Heliflight, Inc. v. Bell/Agusta Aerospace Co.*, L.L.C., No. 4:06-cv-425, 2007 WL 4373259, at *4, *8 (N.D. Tex. Dec. 12, 2007) (reducing fee award by 20% for various reasons, including the plaintiff's failure to show the time that had been written off).

Another consideration is whether the hours claimed yield a fee that is excessive compared to the amount at stake or owed. *See Sibley v. RMA Partners, L.P.*, 138 S.W.3d 455, 459 (Tex. App. – Beaumont 2004, no pet.). "Attorney's fees must bear some reasonable relationship to the amount in controversy." *Cordova v. Southwestern Bell Yellow Pages*, 148 S.W.3d 441, 448 (Tex. App. – El Paso 2004, no pet.) (citing *Rep. Nat'l Life Ins. Co. v. Heyward*, 568 S.W.2d 879 (Tex. Civ. App. – Eastland 1978, writ ref'd n.r.e.); *see also Thomas v. Bobby D. Assocs.*, No. 12-08-00007, 2008 WL 3020339, at *4 (Tex. App. – Tyler Aug. 6, 2008, no pet.).

Texas law, however, does not require precise proportionality between the fees awarded and the amount of recovery or the original amount in controversy. *See, e.g.*, *Bank of Texas v. VR Elec., Inc.*, 276 S.W.3d 671, 677 (Tex. App. – Houston [1st Dist.] 2008, no pet.) (affirming $52,000 in attorney fees on recovery for $8276 missing check); *USAA Cnty. Mut. Ins. Co. v. Cook*, 241 S.W.3d 93, 102–03 (Tex. App. – Houston [1st Dist.] 2007, no pet.) (affirming $52,310 in attorney fees for recovering on a $2,000 insurance claim); *Cordova*, 148 S.W.3d at 448–49 (affirming $20,885 in

attorney fees for recovering damages under a $7,092 contract); *Sibley,* 138 S.W.3d at 458–59 (affirming $82,748 in attorney fees for recovering on a note worth approximately $43,000). Interpreting Texas law, federal courts have also held that "disproportion alone does not render the award of attorneys' fees excessive." *Northwinds Abatement, Inc. v. Emp'rs Ins. of Wausau*, 258 F.3d 345, 355 (5th Cir. 2001) (affirming $712,000 in attorneys' fees on recovery of $74,570 in actual damages on various state statutory and common-law claims); *see also Quanta Serv's Inc. v. Am. Admin. Grp. Inc.*, 384 Fed.Appx. 291, 298 (5th Cir. 2008) (affirming $116,767.68 in attorneys' fees for $100,000 damages award obtained in contract suit).

An application for a fee large in proportion to the amount at issue is more likely to be found excessive if the prevailing party's counsel "overprepared," expending more time and resources than warranted by the legal issues or the amount in controversy. *Mid-Continent Cas. Co. v. Chevron Pipe Line Co.*, 205 F.3d 222, 234 (5th Cir. 2000) ($529,209.88 in fees for one year of work by 11 attorneys and 6 paralegals was excessive "for what was – or at least should have been – simply a coverage dispute" about whether the insurer was obligated to indemnify and defend an additional insured against a $435,000 negligence claim); *Cordova*, 148 S.W.3d at 449 ("If the prevailing party has overprepared the case, then the party liable for attorney's fees should not be held responsible for time spent in overpreparation."); *Republic Nat'l Life*, 568 S.W.2d at 887 (finding that attorneys who "worked between 750 and 1,000 hours on [a] $12,000 [contract] lawsuit . . . overproduced and defendant should not be held liable for such overproduction").

Once the lodestar is calculated, the court must determine whether to increase or decrease the amount based on the factors set out in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974). The twelve *Johnson* factors are (1) the time and labor involved, (2) the novelty and difficulty

of the questions, (3) the skill requisite to perform the legal services properly, (4) the preclusion of other employment due to this case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations, (8) the amount involved and results obtained, (9) the experience, reputation, and ability of counsel, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Id.* at 717–19. Texas courts weigh similar factors under Rule 1.04 of the Texas Disciplinary Rules of Professional Conduct to determine reasonable fees. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997); *Brazos Elec. Power Co-op, Inc. v. Weber*, 238 S.W.3d 582, 585–87 (Tex. App. – Dallas 2007, no pet.).

### B. The Fee Application

Sky Cargo seeks attorney's fees totaling $55,367.81 and expenses totaling $2,790.00. (Rec. Doc. 56-3 at 6). That is less than the $72,340.00 in fees and expenses previously sought, which was based on a lodestar calculation of a $325.00 hourly rate times the 214 total hours that Rucker worked on this case. The current application is also based on a $325.00 hourly rate, which Hamilton agrees is reasonable. (*Id.* at 4). Hamilton, however, disputes that the number of hours claimed — 227.15 — is reasonable. He also argues that the lodestar amount must be reduced, emphasizing the limited success Sky Cargo achieved and its failure to segregate recoverable from nonrecoverable fees.

Rucker's affidavit, (Docket Entry No. 56-3), and the accompanying "Detailed Summary of Services Rendered by William W. Rucker" (the "Billing Summary," Docket Entry No. 55-2, Ex. 2) indicated that he spent 227.15 hours representing Sky Cargo in this litigation. At a rate of $325.00 per hour, the lodestar amount would be $73,823.75. Rucker recognized, however, the need to segregate the fees relating solely to the claims for breach of contract, fraud, fraudulent transfer, and

unjust enrichment on which Sky Cargo did not recover from the fees relating to the only claim for which it did recover. *Chapa*, 212 S.W.3d at 313. The Billing Summary does not segregate such amounts.

Sky Cargo's motion for summary judgment related solely to the breach of contract claim; the motion was denied. The bench trial related solely to the breach of contract and quantum meruit claims. Sky Cargo prevailed only on the quantum meruit claim. To account for the nonrecoverable fees, Rucker simply applied an across-the-board 25% discount, seeking a fee award in the amount of $55,367.81.

Hamilton argues that this sum is excessive. He first argues that the primary support for the number of hours claimed, the Billing Summary, is an unreliable and inadequate basis for the award sought. Hamilton notes that there is no information as to when this Billing Summary was prepared — it was not submitted in any of the prior fee filings — and that no underlying time records have been submitted. Second, Hamilton objects to, and seeks a reduction of, the lodestar calculation on the basis that Rucker has failed to segregate recoverable fees on the one claim on which Sky Cargo prevailed and nonrecoverable fees on the claims for which no relief was granted. Third, Hamilton seeks a reduction to the lodestar amount based on the limited degree of success Sky Cargo obtained — a $60,000 recovery out of the much larger sums he sought at various points in the litigation — and on the fact that it agreed to pay Rucker under a contingent fee contract that would limit the fee to 40% of the amount recovered.

      **C.**    **The Support for the Lodestar Calculation**

The court agrees that the support provided by the Billing Summary is limited, given the lack of detail in the summary and the absence of supporting time records. Nothing in the Billing

7

Summary reflects the subject matter of the work done. The Billing Summary does not state which claims were the subject of which billing entries. The summary cannot be used to segregate recoverable from nonrecoverable fees. This lack of detail, with no underlying time records, also makes it difficult to use the Billing Summary to assess the reasonableness of the hours spent. The failure to submit any underlying time records does not preclude recovery, but it is a factor in assessing the adequacy of the documents and evidence submitted. *See Glass v. United States*, 335 F. Supp. 2d 736, 743 (N.D. Tex. 2004) (*amended in part,* CIV.A.3:00-CV-1543-L, 2004 WL 2189634 (N.D. Tex. Aug. 26, 2004)) (finding that the failure to submit a time sheet for billable hours does not preclude recovery but can result in a reduced percentage). The lack of detail and of supporting information weighs heavily in favor of a further restriction of the number of hours for which fees are awarded.

Additionally, neither the Billing Summary nor Rucker's affidavit indicate the exercise of billing judgment. Some of the fee entries, in fact, are for time spent that under the court rules, was unnecessary. Specifically, Sky Cargo seeks fees for the following:

| Date | Seeking Fees For… | Time | Amount of Fee |
|---|---|---|---|
| 2/18/2013 | Initial work on motion to Compel | 1.6hrs | $520.00 |
| 2/21/2013 | Final preparation and filing of motion to compel discovery. TC clerk regarding same. Filing of corrected motion. TC clerk regarding the 2/26 discovery hearing. | 2.2hrs | $715.00 |
| 2/25/2013 | RR of Hamilton's responses to motion to compel. | 0.4hrs | $130.00 |

The court's procedures preclude filing motions to compel discovery responses before a premotion conference is held. In this case, Rucker filed the motion. The court struck it and held a discovery hearing, resolving the dispute without any need for the motion. The fee award is reduced by $1,365.00 for the unnecessary hours spent.

### D. The Failure to Segregate

The failure to segregate fees attributable to the successful claim from those attributable to the claims on which there was no recovery does not preclude a fee award. *See Navigant,* 508 F.3d at 298 (holding that the district court did not abuse its discretion by reducing the plaintiff's attorney's fees by 40% after determining that some of the plaintiff's claims were unrecoverable even though segregation was impossible). Rucker claims that "[a]t most, 1% of the time spent in . . . this case was attributable to [Sky Cargo's] claims for fraud, fraudulent transfer, and unjust enrichment." (Docket Entry No. 56-3 ¶ 13). He also argues that the breach of contract and quantum meruit claims "were intertwined to the point of being inseparable." (*Id.*). Yet, as Hamilton points out, Sky Cargo sought summary judgment only on its breach of contract claim. (*Id.* at ¶ 13). That undercuts the argument that the two theories are intimately intertwined. Rucker asserts that he spent 21.5% of the total time on this case on work relating to the (unsuccessful) summary judgment motion, which related only to the (unsuccessful) breach of contract claim. Taking the two together would reduce the $73,823.75 fee award by 22.5%.

Rucker makes no effort to segregate the time spent at the bench trial between the breach of contract and quantum meruit claims. An across-the-board reduction is appropriate. Rucker's 25% reduction, however, is inadequate. The elements of a breach of contract claim are different than the elements of a claim for quantum meruit, and a quantum meruit claim arises only when there is no

9

express contract covering the services provided. *See Vortt Exploration Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990). While there is overlap in the evidence relevant to showing whether the parties agreed on a certain fee for services provided or whether the services were provided without an express agreement but under circumstances that warrant payment under an equitable theory, it is not intertwined to the point of inseparability. In addition to reducing the total fees by $1,365 and by 22.5% to reflect the fees incurred in pursuing summary judgment on the unsuccessful breach of contract claim, the fees are reduced across the board by 40%. This adequately accounts for the failure to segregate fees attributable to the successful claim from those attributable to the claims on which there was no recovery.

The resulting lodestar calculation is $33,693.31, reached as follows:

| | |
|---|---|
| Total fees sought | $325/hr x 227.15hrs |
| | - |
| Less the fees incurred in the motion to compel | $1,365 |
| | * |
| Less the fees incurred solely on the fraud and unjust enrichment claims and the motion for summary judgment | - (22.5%) |
| | * |
| | - |
| Less the 40% reduction for failure to segregate | (40%) |
| | = |
| Amount after reductions | $33,693.31 |

### E. Adjusting the Lodestar

Once the lodestar is determined, the court must determine whether to increase or decrease the amount based on the 12 factors in *Johnson*, 488 F.2d at 717-19. Hamilton requests a further reduction in the fee award due to the limited results obtained. Before trial, Sky Cargo consistently claimed "at least" $300,000.00 in damages, based on a $50,000 per plane theory, (see Docket Entry

10

No. 56 ¶¶ 11 - 14); Sky Cargo sought damages exceeding $1,000,000.00; at trial, the recovery was $60,000.00. But the 40% reduction already takes the limited success into account. A further reduction is not required.

Hamilton also seeks a reduction in the lodestar because Sky Cargo and Rucker had a 40% contingent fee contract. Such an arrangement does not automatically limit the fee award but may assist in determining reasonableness. *See Blanchard v. Bergeron*, 489 U.S. 87, 92 (1989). This court's 40% reduction further confirms the reasonableness of that amount. There is no basis for further adjustment.

## III. Conclusion

This court awards Sky Cargo attorney's fees in the amount of $33,693.31 and $2,790.00 in expenses.

SIGNED on August 6, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge